with Panos v. FDIC. I am told that all counsel appearing today are here, and Mr. Fishbart, you have reserved two minutes, is that correct? Yes. Okay, when you are ready, you may begin. Okay, so maybe the first issue is the request by the court last week or two weeks ago regarding jurisdiction, given the carve-out by Section 1819bd, b, little b, 2, large d, whether only the interpretation of law of the state is necessary in this case. An opposing counsel has submitted a five-page response to that. Basically, it seems like... Can I ask a question, because I'd like to start at the beginning? I've been told it's a very good place to start. Okay. What was the basis for the state court exercising your jurisdiction? Why should I not interpret the statutes to reside exclusively in two federal district courts for cases brought after the FDIC made the receiver? Well, there is the carve-out of the statute when only state law is implicated, and in this case, it was state law claims relating to the negligence of the underlying bank, and so that's the... But if the state court lost jurisdiction, would you agree that the district court really didn't have jurisdiction on removal? I'm sorry, if the state court did not have jurisdiction? Yes. What happens? I'm arguing that they would have jurisdiction. I know. I agree, but let's just go with me for a minute. Yeah. So if they did not have jurisdiction... Would the district court have had jurisdiction on removal? I guess one has to be... Some court has to apply. Otherwise, there would be no court. Okay. So why should we not interpret the pre-relative provisions of the statute to have jurisdiction not reside exclusively in two federal district courts for cases that are brought after the FDIC has made a receiver, at least? Oh, that are not the southern district, you're saying? Right. Okay. Okay. So that's a different question, which I don't know the answer to. Okay. On the other question, would you agree that there's a colorable federal law defense in the case? That is the failure to wait until a disallowance. No, I would not agree because the federal law is implicated in determining whether equitable tolling exists. And once you reach that first threshold, then... You don't think there's a colorable? Not necessarily that it wins, but you don't think there's even a colorable federal law defense? No, because it's already been decided that this type of case is equitable tolling does apply. So in the cases where it's questionable whether equitable tolling would apply... Putting aside equitable tolling, the first argument is that a court does not have jurisdiction until there is a disallowance, but you sued before there was a disallowance, and therefore there was no subject matter jurisdiction. So that doesn't implicate equitable tolling. What's your response to that argument? Right. So first of all, we had to sue before... In other words, we filed the claim, the request for consideration in October of 2023 with the FDIC. We didn't hear until March. In between that time, I had to file, the plaintiff had to file in January to not lose the statute of limitations in the state claims. So, but that lawsuit was not served. We waited. Is that right, though? Does the statute expressly toll the statute of limitations for cases, for court actions from the date that the claim is filed with the FDIC, right? No, there's no tolling of a state claim while you're waiting for the FDIC to make a decision. In other words, if a decision had come earlier, we wouldn't have filed it in January. We would have filed in December. Did you do anything after the disallowance to amend the complaint or to update the complaint to reflect that there had now been a disallowance? No, I didn't think that was a requirement because, you know, you can conform the pleadings to the proof. So all that happened later was we got the disallowance in March, and then we served after March. So that state claim did not proceed. So we're trying to follow the statute where you don't push the state claim until the federal claim is, the federal decision by the FDIC is decided. So we tried to follow the statute in that regard. So, and again, whether, I think it is not culpable, whether, because it's a non-jurisdictional statute in terms of the deadline. So equitable tolling would apply, and that's, that's been well settled. So I didn't, I don't think there's a culpable claim as to whether. Okay, so I completely agree that a mere time limit is usually not jurisdictional law. The Supreme Court has said that many times. They've said that recently. But will you look to 1821d-13d and tell me what that does? Does that make exhaustion jurisdictional? 1813, so I don't have that in front of me. Okay, well, okay, so maybe I'll ask the question another way. If it's not jurisdictional, it's still mandatory, right? You would agree with that. So what about the exception gives you the right to file early? Well, we filed, I think the argument is we filed late, not early. But anyway. Well, the file early before. Oh, file early before. Okay, so either way, yes, you can apply equitable tolling principles to that also. In other words, we're following the statute, so it's equitable that what we did was proper. Well, the statute says that until the claim is disallowed, quote, no court shall have jurisdiction over any claim where the FDIC is appointed to seal it. Right, so jurisdiction. How is equitable tolling even implicated on that issue? Because jurisdiction, we didn't serve the complaint, so it's just the index number. There's no jurisdiction, no judge is assigned until you file a request for judicial intervention. No service was attempted or even tried. So I would say jurisdiction did not attach. There's plenty of cases that just have index numbers who are lying in state court that don't proceed at all. So my time is up. Thank you. Yeah, okay. You know you have another minute. No, I think I have reserved two minutes after. Okay, you're welcome to sit down. I'm right though, right? He has one more minute because he reserved two minutes for rebuttal and his clock was at eight. You do have 52 seconds. Sorry, I had the wrong time. You're welcome to sit down, but you do have 52 seconds. Okay, my last minute, I would say. The one case that was quoted in the five-page submission, the Chico case versus Roche, First Circuit, that emanated from a Puerto Rico court, not a state court. And in that case, I don't believe it applies because the issue of equitable tolling existed. They decided that it did exist. I'm sorry, the reverse. The facts justifying equitable tolling were not at issue. The only issue is whether equitable tolling would occur under that statute. So that's why I don't believe it applies. Thank you. Thank you. Good morning and may it please the court. My name is Minodora Vencia, counsel for the FDIC. Thank you, counselor. Do you mind if I ask you to put the mics a little closer to your mouth? Sure. I'm never loud enough. I'm sorry. Okay. Counsel for the FDIC, we respectfully urge for the court to affirm the decision below for two reasons. The first one that you touched for most of the early part of this argument is that no court has jurisdiction over this case because plaintiff did not wait until after the disallowance to file suit. A plaintiff said they had to file early before the disalliance because their statute of limitations would have expired, but we cited in our brief the statute 1821 D5F that says that once they file their claim with the FDIC, that's the date that would be used. So can I ask then about the invocation of 1821? You're saying that it governs as opposed to the more general 1819 and that the state law exception doesn't apply at all, right? No. For this type of case that was filed after the appointment of the receiver, we are saying that the state law exception seems to be incongruent or would not apply because Congress took away jurisdiction from state courts at all and provided exclusive jurisdiction to federal courts. So those two federal courts. Okay. Yes, but we're not saying that 1819, the removal part of it or the part that says that whenever the FDIC is a party, the court shall have jurisdiction. That still applies, but there's still the preclusion provision that says no court, state or federal, has jurisdiction until they comply with the disallowance issue. Yes. So someone files a lawsuit prematurely and it's sitting there and then there's a disallowance. Why shouldn't the lawsuit then have the effect? Why shouldn't the court then treat it as if it was filed as a practical matter? Yes, for two reasons, Your Honor. The first reason is that in this particular statute, Congress explained what courts that were filed before the claims process was exhausted can be continued and that the only exception in 1821, Day 6, is for lawsuits that can be continued if they were filed before the appointment of the receiver. So there's no exception allowing this sort of continuance for lawsuits that are filed after the appointment of the receiver. And the second reason is the one explained by the Supreme Court in the McNeill case we cited in our brief and similar cases. The McNeill case involved the FTCA, but the Supreme Court explained why you shouldn't have this skewer situation. The court said the purpose of exhaustion is to allow the government and the courts who deal with a multitude of claims, especially here when a bank fails, to have a certain period of time to consider the claim and not be burdened with litigation at the same time they consider the claim and it would contravene those purposes. I'm super sympathetic that reading the statute to file prematurely filed claims is not consistent with like the overall purpose of minimizing the burdens on the FDIC, but then we do have to deal with the text of the statute. And the text of the statute sounds to me at least more like it's creating a deadline, whereas you are trying for it to be interpreted as only allowing for a filing window. Um, for the 60 days. Right. And so why do we, what is your best argument? Is it, is it the efficiency reasons? Is it, what is the textual explanation for why we would interpret things as a window? The cases where folks are having windows read more like windows in this particular case, which reads more like a deadline to me. Well, I think even, um, this court in Elman, it said that you, you, you file your lawsuit after the disalignment. And, um, I think that the text here, it says, right. I mean, Elman, I know you cited a lot, but the, that suggests Elman doesn't take on the issue of whether or not you're prohibited of filing a suit before disallowance. Right. And I think that's the difference. I mean, I think, well, it says before, can I read that from D6? So as you just said, D13D takes away jurisdiction from court except as otherwise provided. And the only except otherwise provided is in D6. So we have to look at what D6 says. And D6 says, I'm reading from it, before the end of the 60 day period, beginning on the earlier of, and we ignore the first part that deals with 180 days. So before the end of the 60 day period, beginning on the date of any notice of disallowance, a claimant, and then it says may file, not may serve, may file a lawsuit. So given that this period hasn't even began, they don't have a right to file a lawsuit because no court has, no court has jurisdiction. What about 1821D8? That explicitly creates a filing window, right? But D8 doesn't, uh. So I'm just saying, like, so what happens? Does D8 have to be surplusage in order to make us interpret the relevant provision for us as a window as opposed to a deadline? D8 is for expedited determination of claims. Well, I'm just, I'm just trying to use the text, right? Yeah, I know. We don't have a procedure for an expedite. So D8 is sort of. Okay, would you, I'm trying to, this is hard, and I, and I, and I can hear you shaping. I'm actually just trying to reconcile this. So just work with me and provide the explanation. I think you would agree that D8 explicitly creates a filing window as opposed to a deadline. Is that right? And so my question is, is why is the differing text not give us reason to believe that the provision we are dealing with is a deadline as opposed to a window? Because no court has jurisdiction before, before, before that D6 is satisfied, right? And D6 is satisfied if they file a lawsuit 60 days after the denial of their claim. So the moment that he filed a lawsuit, that court lacked jurisdiction, right? You determined jurisdiction at the time of filing. The district court decided those cases. We have not heard anything in response to the case that the jurisdiction is determined at the time of filing. So the time of filing, there was no jurisdiction. And we cited a lot of cases for why the 60 days jurisdictional, and it's not just. Right, but the question is whether or not it's jurisdictional is a different question as to whether or not it is prohibited from filing early. And in order to do that, we would have to interpret this as a, the court is, or the statute is affirmatively giving you a window to apply as opposed to setting a limitation, which is a little weird for something that is being called a limitation, right? You hear me, especially when you see that there are other provisions of the statute that explicitly say a window. You're asking us to effectively interpret it as a window, and that may be more consonant with what Congress intended, but I'm not sure what to do about this text. So I'm hoping that you will help me understand the text with D.A. in mind that looks differently, and why this can be interpreted as a window as opposed to a filing deadline. I get it, Your Honor. So I have not focused on D.A. They have not raised it in their brief. I'm to submit a supplemental brief on it. On, right now, I can't think of anything else other than courts don't have jurisdiction at the time of filing if you haven't waited for the disallowance. And because of that, and because jurisdiction is determined at the time of filing, there's nothing to continue. The only thing the court can do is dismiss it. Also, as you, Your Honor, you raised the point, if the State court lacked jurisdiction, since federal courts have exclusive jurisdiction, does this court lack jurisdiction as well? That's the principle of derivative jurisdiction. And, yes, it does. However, in this court— I'm sorry. When you say, yes, it does, what does that mean? Under the principle of derivative jurisdiction, then, yes, this court will lack jurisdiction for this additional reason. However, we didn't raise that in our brief because, in some courts, derivative jurisdiction, they consider it a procedural reason that has to be— I'm sorry. Slow down. I'm sorry. I'm very interested in this derivative jurisdiction issue. Yes, me too. So you're saying what? That most of the courts have held that derivative jurisdiction is not something that you can raise for the first time on appeal. Even if it's called jurisdictional, they don't believe. They think it's a procedural— So it's like a double question of first impression. Yeah, yeah, yeah. It's whether or not it can be raised on appeal. But to be fair, your court doesn't think it's that. The court keeps saying it is jurisdictional. In the two cases I found, I just didn't want to— I had written it in my brief for, like, five pages and then took it out because I didn't want you to create a conflict with the other courts. Okay. So you think the principles of derivative jurisdiction are helpful in this case, and you would say that if the state court didn't have jurisdiction to begin with, then removal—then what happens? Well, what happens in derivative jurisdiction cases is that the federal court lacks jurisdiction and then no court has jurisdiction. Well, except for the two. Federal courts have exclusive jurisdiction, right? Right. So here, there's no point sending him back. What happens in these cases, they say, well, first, the state court lacks jurisdiction. There's exclusive federal jurisdiction. And second, here, the federal court also lacks jurisdiction because it was first filed in state court, which is something that most courts don't like about derivative jurisdiction. Thank you. I'm sorry. Can you get to the mic? We can't hear you. Judge Nathan is not going to be able to hear you. Sorry. I have nothing further to add. Thank you. Okay. We will take the case under advisement.